UWM STUDENT ASSOCIATION C/O SA
PRESIDENT-ELECT MOHAMMAD SAMIR SIDDIQUE,
LENA-ROSE M. ABU SAIF, ANDRES GABRIEL AGUILAR,
ALLA R. AHMAD, JAMEELA AL-ASMAR, EMMA
BORKOWSKI, PHILIP A. COCHRAN, GONZALO COUTO-LAIN,
KEITH CRUM, PAUL GARNI, USMAN GHAFFAR, REBECCA L.
HADRIAN, FLAUNTAJIA HARRIS, BRITTNEY HENRY,
LAWRENCE W. IVORY, JR., SAMUEL A. JADIN,
CASANDRA JOHNSON, NORIELLE T. JOHNSON,
KAYLA BRIANNE KAPLAN, THOMAS KELLY,
ALEXANDER KOSTAL, HEIDI W. LAGERMAN,
DANIEL S. LAUGHLAND, KARINA D. LEMPERT,
REBECCA LILLIE, BRENT LINDQUIST, MICHAEL LUDWIG,
JONNELLI N. NAVES-GONZALEZ, DHARA PAREKH,
ALEX PARTEE, SHREYA PATNAIK, SYED A. QADIR,
VINCE CASIMIR ROLBIECKI, ALIZAR S. B. SALEEM,
TREVOR THOMAS SCHERMERHORN, LEYTON SCHIEBEL,
WILLIAM J. SCHMIDT, TAYLOR Q. SCOTT, AHMED SHEHADEH,
MOHAMMAD SAMIR SIDDIQUE, RYAN THOMAS STETZ,
ANDREW CARLYLE URBAN, KIARA A. WILSON, KORINA YEE,

                 Plaintiffs

v.                                              CASE NO. 15-C-0001

DR. MICHAEL LOVELL, BOARD OF REGENTS –
UNIVERSITY OF WISCONSIN SYSTEM, STUDENT
ASSOCIATION AT UWM, DR. MICHAEL LALIBERTE,
UWM VICE-CHANCELLOR FOR STUDENT AFFAIRS,
DAVID STOCKTON, RICHARD R. THOMAS,
THOMAS G. McGINNITY, HEATHER HARBACH,
PAHOUA XIONG, AMY WATSON, ANTHONY PROCACCIO,
SUZANNE WESLOW, ANTHONY M. DEWEES,
NIKOLAUS P. RETTINGER III, CARLA GREVE,
RYAN SORENSON, ANGELA LANG, DAKOTA HALL,

                 Defendants.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS,
GRANTING PLAINTIFFS' REQUEST FOR LEAVE TO FILE AN AMENDED
COMPLAINT, AND SETTING SCHEDULING CONFERENCE

Defendants have filed a motion to dismiss the plaintiffs' 67-page amended complaint, with its 316 paragraphs and 18 causes of action. The pending action was filed

on May 31, 2014, in Milwaukee County Circuit Court by several individuals seeking to be recognized as the official University of Wisconsin-Milwaukee student government. After defendants filed a motion to dismiss, plaintiffs filed an amended complaint in state court identifying 44 plaintiffs and 18 defendants. Based on the new claims involving federal civil rights and constitutional amendments, defendants filed a notice of removal and a second motion to dismiss. For the reasons set forth below, defendants' dismissal motion will be granted on the issues of insufficient service, failure to file a notice of claim, and sovereign immunity. The remaining ground for dismissal will be denied without prejudice, and may be revisited if plaintiffs file a second amended complaint with appropriate regard for federal court practice.

When reviewing a motion to dismiss, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must merely provide "a short and plain statement of the claim" sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests" and some indication of time and place. *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)); *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004). Further, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (internal quotation marks and citation omitted).

Defendants moved to dismiss pursuant to Rules 12(b)(1), (2), (4), (5), and (6) in accordance with the Federal Rules. At the outset, the court will dismiss all defendants who have not been properly served. Notwithstanding plaintiffs' assertion to the contrary,

2

defendants cited Rule 12(b)(5) in their motion to dismiss. Rule 12(b)(5) requires service within a 120-day period after the complaint is filed but permits extensions for a showing of good cause. Defendants represent that the following defendants were properly served with the initial pleading in May of 2014: Michael Laliberte, Rick Thomas, Dave Stockton, Tom McGinnity, Anthony Proccacio, and Ryan Sorenson (as the current President of the recognized Student Association). However, the court does not show that the remaining defendants have been served with the original or amended complaint. The court rejects plaintiffs' argument that counsel for defendants somehow waived service by appearing in Milwaukee Count Circuit Court prior to the date that any of the new defendants were named in the amended complaint. Plaintiffs' argument that defendants waived service "by their filing of a motion to dismiss 38 days after the case was filed, while there was still plenty of time left to have served all parties" does not improve their position. The timing of defendants' motion was dictated by the Federal Rules; however, plaintiffs never filed a motion for extension of time to serve, failed to establish good cause for their failure to serve and failed to take steps to correct their omissions. Because the case has been pending in this court since January 2, 2015, with no apparent attempt by plaintiffs to serve the remaining defendants, Dr. Michael Lovell, the Board of Regents, Heather Harbach, Pahoua Xiong, Amy Watson, Suzanne Weslow, Anthony DeWees, Carla Greve, Angela Lang, Dakota Hall, and Nikolaus P. Rettinger III, will be dismissed as defendants.[1]

Next, plaintiffs concede that "some of their claims for monetary injury should have been preceded by a notice of claim" as required by Wis. Stat. § 893.82. Under that statute,

---

[1] The status of service with respect to Ryan Sorenson is unclear. Although defendants argue that he was "served, presumably on behalf of the Student Association," defendants have admitted that he was served and there are no other records before this court that would allow the court to rule at this time. (Doc. 4 at 8.)

3

no civil action "may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's, or agent's duties. . .unless within 120 days of the event causing the injury, damage or death" the claimant serves a written notice of the claim "stating the time, date, location and the circumstances of the event." Because the Attorney General was not served with a notice of claim as required by Wis. Stat. § 893.82, any claims against state employees, officers or agents (other than the § 1983 claims or claims for injunctive or declaratory relief) must be dismissed. This includes the damages claims under 3, 4, 9, 12, 13, and 15.

Additionally, the claims against the Board of Regents are barred by the Eleventh Amendment. *Kroll v. Board of Trustees of Univ. Of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991); *see also Joseph v. Bd. of Regents of the Univ. of Wis. Sys.,* 432 F.3d 746, 748 (7th Cir. 2005) ("The [Wisconsin Board of Regents] is an 'arm of the state' for Eleventh Amendment purposes."). Whether the Student Association is a state agency for purposes of immunity and whether the Board of Regents has waived immunity may be revisited if the plaintiffs file a second amended complaint.

As a final matter, defendants also assert that the 67-page amended complaint falls short of the "short and plain statement" of the claim required by Rule 8(a)(2). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed–Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003). Indeed, "'length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'"

4

*Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *Garst*, 328 F.3d at 378). In addition, Rule 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(1)(A)." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.*

In this case, it appears that plaintiffs may have viable constitutional claims but, to the extent they exist, they are buried under conclusory statements and prose. Plaintiffs accurately point out that their amended complaint was filed in state court and may not comport with federal standards. Hence, the court will permit the plaintiffs to file a second amended complaint in accordance with the Federal Rules of Civil Procedure and the court's rulings set forth above. If the plaintiffs file a new complaint, the defendants must file new stand alone motions directed to the second amended complaint. In the absence of a second amended complaint that clearly assert claims and identifies defendants who are potentially liable, it is difficult to assess preclusion, standing, exhaustion, or the adequacy of any claims. Now, therefore,

IT IS ORDERED that defendants' motion to dismiss is granted in part. All defendants who have not been served are dismissed. Claims 3, 4, 9, and the monetary claims in 12, 13, and 15 are dismissed.

IT IS FURTHER ORDERED that defendants' remaining arguments are denied without prejudice. Plaintiffs are granted leave to file a second amended complaint on or before October 13, 2015.

5

IT IS FURTHER ORDERED that the parties shall appear for a scheduling conference on November 18, 2015, at 2:30 p.m., in Courtroom 222. Counsel should be prepared to address the allegations in the complaint at that time.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE