# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UWM STUDENT ASSOCIATION, LENA-ROSE
M. ABU SAIF, ANDRES GABRIEL AGUILAR,
ALLA R. AHMAD, JAMEELA AL-ASMAR,
EMMA BORKOWSKI, PHILLIP A. COCHRAN,
GONZALO COUTO-LAIN, KEITH CRUM,
PAUL GARNI, USMAN GHAFFAR, REBECCA
L. HADRIAN, FLAUNTAJIA HARRIS,
BRITTNEY HENRY, LAWRENCE W. IVORY,
JR., SAMUEL A. JADIN, CASANDRA
JOHNSON, NORIELLE T. JOHNSON, KAYLA
BRIANNE KAPLAN, THOMAS KELLY, HEIDI
W. LAGERMAN, DANIEL S. LAUGHLAND,
KARINA D. LEMPERT, REBECCA LILLIE,
BRENT LINDQUIST, MICHAEL LUDWIG,
JONNELLI N. NAVES-GONZALEZ, DHARA
PAREKH, ALEX PARTEE, SHREYA PATNAIK,
SYED A. QADIR, VINCE CASIMIR ROLBIECKI,
LEYTON SCHIEBEL, ALIZAR S. B. SALEEM,
TREVOR THOMAS SCHERMERHORN,
WILLIAM J. SCHMIDT, TAYLOR Q. SCOTT,
AHMED SHEHADEH, MOHAMMAD SAMIR
SIDDIQUE, RYAN THOMAS STETZ, ANDREW
CARLYLE URBAN, KIARA A. WILSON,
KORINA YEE, and ALAN D. EISENBERG,

              Plaintiffs,

v.

STUDENT ASSOCIATION AT UWM, DR.
MICHAEL LALIBERTE, DAVID STOCKTON,
RICHARD R. THOMAS, THOMAS G.
MCGINNITY, RYAN SORENSON, MARK A.
MONE, EDWARD C. MELCHIOR, NICOLE
HEINEN, CAMILLE RIDGEWAY, ROBIN JENS,
JOHN BEHLING, MARK BRADLEY, JOSE
DELGADO, TONY EVERS, MICHAEL FALBO,
MARGARET FARROW, EVE HALL, NICOLAS
HARSY, TIM HIGGINS, EDMUND
MANYDEEDS, REGINA MILLNER, JANICE
MUELLER, DREW PETERSON, CHARLES
PRUITT, ANICKA PURATH, JOSE VASQUEZ,
DAVID WALSH, GERALD WHITBURN, and

Case No. 15-CV-1-JPS

**ORDER**

UW-MILWAUKEE PUBLIC RECORDS
CUSTODIAN,

                                Defendants.

Plaintiffs, current or former students at the University of Wisconsin-Milwaukee ("UWM"), assert several claims relating to actions taken by UWM administrators against the student government and its officials. After several rounds of motions to dismiss and amended complaints, the Court finally dismissed the action with prejudice in an order dated June 21, 2017. *UWM Student Assoc. v. Lovell*, 266 F. Supp. 2d 1121 (E.D. Wis. 2017).

Plaintiffs appealed. The Court of Appeals affirmed in part and reversed in part. *UWM Student Assoc. v. Lovell*, 888 F.3d 854 (7th Cir. 2018). The Seventh Circuit affirmed this Court's dismissal of several previously unserved Defendants, as well as the Court's dismissal of Plaintiffs' sixth cause of action, a broadly written claim of interference with the students' right to organize. *Id.* at 859–62. The Court of Appeals also agreed that the remaining six claims were improperly joined under Federal Rules of Civil Procedure 18 and 20 because they lacked a sufficient legal and factual relationship with each other. *Id.* at 863–64.

However, the appellate court reversed this Court's decision to sanction the misjoinder through dismissal with prejudice. *Id.* at 864. It noted that "[t]he proper remedy for violations of Rules 18 and 20 is severance or dismissal without prejudice, not dismissal with prejudice." *Id.* (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011)). The Seventh Circuit remanded the case for further proceedings. *Id.*

Consistent with the directive from the Court of Appeals, the Court will afford Plaintiffs an opportunity to elect which of the six remaining claims they wish to pursue in this action. The others will be dismissed without prejudice and may be reasserted in separate actions should Plaintiffs elect to do so. Plaintiffs must file, no later than **July 2, 2018**, an amended complaint containing only the claim they wish to assert in this proceeding. If they do not, the action will be dismissed in its entirety for their failure to prosecute. Civ. L. R. 41(b).[1]

Accordingly,

**IT IS ORDERED** that Plaintiffs shall file an amended complaint in accordance with this Order no later than **July 2, 2018**.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1]Sometimes, dismissal without prejudice can raise concerns with the running of the statute of limitations. *Lee*, 635 F.3d at 971–72. It is not clear whether such a concern exists with respect to Plaintiffs' remaining claims, which are all constitutional claims governed by a generous six-year statute of limitations, save the seventh claim, which arises under Wisconsin open-records law. *See UWM Student Assoc.*, 266 F. Supp. 2d at 1125–28. The open-records claim is of little moment, however; it could never stand on its own in federal court since it lacks a viable basis for subject-matter jurisdiction. Thus, severing that claim would lead to its immediate dismissal. Further, as to the constitutional claims, even if their limitations period nears expiration, Plaintiffs, who have attended to this case for many years already, should be able to quickly file new complaints to avoid the limitations bar. In the end, whatever the concerns expressed by Judge Easterbrook in *Lee*, the Court of Appeals has expressly dictated in this case that either severance or dismissal without prejudice is available as a remedy for the present problem. *UWM Student Assoc.*, 888 F.3d at 864.