# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOHAMMAD SAMIR SIDDIQUE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LALIBERTE, DAVID STOCKTON and RICHARD R. THOMAS,<br><br>Defendants. | Case No. 15-CV-1-JPS<br>7th Circuit Case No. 19-1901<br><br>**ORDER** |

On April 10, 2019, this Court issued an order granting Defendants' motion for summary judgment. (Docket #95). Plaintiff filed a motion for reconsideration on May 8, 2019. (Docket #98).[1] In his motion, Plaintiff argues that the Court applied an incorrect law, and, in so doing, erred in granting qualified immunity to the Defendants. Plaintiff brings his motion

---

[1] Plaintiff filed a notice of appeal earlier in the day that he filed the motion for reconsideration. (Docket #97, #98). A notice of appeal typically deprives the district court of jurisdiction. *McCarter v. Ret. Plan for Dist. Managers of Am. Fam. Ins. Group*, 2008 WL 2833288, at *1 (W.D. Wis. Jan. 24, 2008) ("[B]y filing a notice of appeal before filing their motion for reconsideration, plaintiffs have deprived this court of the authority to decide their motion."); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, "the district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal." *Brown v. Pierson*, 12 F. App'x. 398, 402 (7th Cir. 2001) (quoting *Chi. Downs Ass'n v. Chase*, 944 F.3d 366, 370 (7th Cir. 1991)). Additionally, the Seventh Circuit has requested status reports regarding Plaintiff's motion for reconsideration, suggesting that, under these circumstances, the Court retains jurisdiction. (Appeal No. 19-1901, Docket #5, #10). Accordingly, the Court will dispose of the motion for reconsideration.

under Federal Rules of Civil Procedure 49(e) and 50(b)(6), neither of which subsections exist. The Court will construe the motion as one for amendment of judgment or relief from order under Federal Rules of Civil Procedure 59(e) and 60(b). That motion is now fully briefed and, for the reasons explained below, will be denied.[2]

A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he only grounds for a Rule 59(e) motion. . .are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A party may file a motion for relief from a judgment or order under certain circumstances that include "any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

In order to overcome the defense of qualified immunity, a party must show that the violation of his constitutional rights was "clearly established under applicable law at the time and under the circumstances that the defendant official acted." *Easterling v. Pollard*, 528 Fed. App'x 653, 656 (7th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Plaintiff argues that the Court committed a manifest error of law when it applied Wis. Stat. § 36.09(3m), which was not in effect at the time of the events in question, to analyze Wis. Stat. § 36.09(5). (Docket #98).

Wis. Stat. § 36.09(5) (2013), *amended by* Wis. Stat. § 36.09(5) (2017), allowed students to "organize themselves in a manner they determine" and

---

[2]To the extent that a portion of Defendants' response can be construed as a motion for reconsideration, the Court finds that it is untimely and improperly presented to the Court. Fed. R. Civ. P. 59(e); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters") (quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1 (2d ed. 1995)).

"to select their representatives to participate in institutional governance."[3] In 2013, the subsection began with a qualification that students' participation in governance was "subject to the responsibilities and powers of the board, the president, the chancellor and the faculty." *Id.* In 2013, when the events in question arose, the term "subject to" was undefined. In subsequent versions of the statute, "subject to" was defined as "subordinate to." *See* Wis. Stat. § 36.09(3m).

Plaintiff argues that a circuit court case, *Spoto v. Board of Regents*, stands for the proposition that "the term 'subject to' may not be defined as an equivalent to 'subordinate to.'" 92-CV-5046, at *15 (Dane Cty. Cir. Ct. June 6, 1994). In Plaintiff's eyes, this means that the students' right to self-appointment was, in 2013, absolute, or at least equal to the power held by the chancellor, president, and faculty.

However, the more persuasive precedent regarding this subsection is to be read in *Student Ass'n of Univ. of Wis.-Milwaukee v. Baum*, 246 N.W.2d 622 (Wis. 1976). There, the Wisconsin Supreme Court acknowledged that, in light of the subsection's first sentence, "the rights of the students are. . .subject to some qualifications." *Id.* at 625. By the terms of Wis. Stat. § 36.09(5) (2013), these qualifications included the power of the president, chancellor, and faculty. Even if, in 2013, it was not clear that the students' right to participate in government was *subordinate* to the power of the chancellor, *Baum* nevertheless acknowledges that the right was at least

---

[3]The Court notes that its prior orders quoted from the most recent version of Wis. Stat. § 36.09(5), rather than the 2013 version. (Docket #60 at 2–3); (Docket #95 at 3). This error has no bearing on the outcome, as the Court's discussion about *Baum* and its conclusions regarding the scope of the right to participate in government pertained to language contained in the 2013 version of the statute. *See* (Docket #95 at 14–15).

qualified by that power. Therefore, in its original order, the Court correctly observed that the scope of an administrator's power to curb a student's participation in student government was not clear.

Qualified immunity asks whether a reasonable official would have known that his or her conduct violates a statutory or constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). An administrator reading Wis. Stat. § 36.09(5) (2013) may have reasonably believed that he had the authority to prevent certain students from participating in student government under certain circumstances. In light of this statute, he would have had no reason to know that his conduct violated a statutory or constitutional right. Accordingly, the Court will not reverse the finding of qualified immunity on the basis of an error of law, nor does it find any other reason justifying relief from the order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #98) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge